**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS UNITED, | ) | |
| 1006 Pennsylvania Avenue, S.E. | ) | |
| Washington, DC 20003 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF STATE, | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, DC 20520 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States

Department of State ("State Department") to compel compliance with the Freedom of

Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

## PARTIES

3.      Plaintiff Citizens United is a Virginia non-stock corporation with its principal

place of business in Washington, D.C.  Citizens United is organized and operated as a non-profit

membership organization that is exempt from federal income taxes under Section 501(c)(4) of

the U.S. Internal Revenue Code.  Citizens United seeks to promote social welfare through

informing and educating the public on conservative ideas and positions on issues, including national defense, the free enterprise system, belief in God, and the family as the basic unit of society.  In furtherance of those ends, Citizens United produces and distributes information and documentary films on matters of public importance.  Citizens United regularly requests access to the public records of federal government agencies, entities, and offices, to disseminate its findings to the public through its documentary films and publications.

4.      Defendant, the United States Department of State, is an agency of the United States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      Citizens United routinely submits FOIA requests and this matter concerns six FOIA request letters submitted to Defendant between October 20, 2015 and November 13, 2015 to which Defendant has failed to respond.

6.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Citizens United's FOIA requests within twenty working days of each request.

7.      With regard to each of Citizens United's FOIA requests, the statutory deadline has passed, and Defendant has failed to provide a substantive response to any of the six FOIA requests.  In fact, as of the date of this Complaint, Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

8.      When left to their own devices, State Department bureaucrats in the past have taken over three years to respond to Citizens United's FOIA requests.  *See e.g.*, Exhibit A.  Such extensive delays are in clear violation of both the letter and the spirit of FOIA.

9.      Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A)(i), Citizens United is deemed to have fully exhausted any and all administrative

remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

**A.      CITIZENS UNITED'S OCTOBER 20, 2015 FOIA REQUEST FOR
COMMUNICATIONS BETWEEN MICHAEL FUCHS AND THE CLINTON
FOUNDATION OR TENEO HOLDINGS (F-2015-15626)**

10.      On October 20, 2015, Citizens United submitted a FOIA request, online, to

Defendant.  *See* Exhibit B.  The request sought:

> [A]ll emails and other records of communications sent or received by Michael
> Fuchs, Deputy Assistant Secretary of the State Department Bureau of East Asian
> and Pacific Affairs, to or from the following entities: (1) The Clinton Foundation
> (email domain addresses for the Clinton Foundation include but are not limited to
> "@clintonfoundation.org," "@clintonglobalinitiative.org,"
> "@cgepartnership.com," and @healthiergeneration.org"); (2) Teneo Holdings
> (email domain addresses for Teneo Holdings include but are not limited to
> "@teneoholdings.com" and "@teneostrategy.com").

11.      Citizens United, as a member of the media, requested expedited processing of this

FOIA request.

12.      In a return email on the same day as the FOIA request, the State Department

acknowledged its receipt.  *See* Exhibit C.

13.      In a letter dated October 28, 2015, Defendant again acknowledged receipt of

Citizens United's FOIA request, assigned the request Case Control Number F-2015-15626, and

informed Citizens United that the request "does warrant expedited processing."  *See* Exhibit D.

14.      Despite determining that the request warranted expedited processing, as of the

date of this Complaint, Defendant has failed to produce any responsive records, nor has it

asserted any claims that responsive records are exempt from production.

**B.      CITIZENS UNITED'S NOVEMBER 2, 2015 FOIA REQUEST FOR
COMMUNICATIONS BETWEEN MELANNE VERVEER AND THE CLINTON
FOUNDATION OR TENEO HOLDINGS (F-2015-16007)**

15.      On November 2, 2015, Citizens United submitted a FOIA request, online, to

Defendant.  *See* Exhibit E (FOIA Request Letter).  The request sought:

> [A]ll emails and other records of communications sent or received by Melanne
> Verveer, former U.S. Ambassador-At-Large for Global Women's Issues, to or
> from the following entities: (1) The Clinton Foundation (email domain addresses
> for the Clinton Foundation include but are not limited to
> "@clintonfoundation.org," "@clintonglobalinitiative.org,"
> "@cgepartnership.com," and "@healthiergeneration.org"); (2) Teneo Holdings
> (email domain addresses for Teneo Holdings include but are not limited to
> "@teneoholdings.com" and "@teneostrategy.com").  Melanne Verveer joined the
> State Department in 2009 as the Department's first U.S. Ambassador-At-Large
> for Global Women's Issues.

16.      Citizens United, as a member of the media, requested expedited processing of this

FOIA request.

17.      In a return email on the same day as the FOIA request, the State Department

acknowledged its receipt.  *See* Exhibit F.

18.      In a letter dated November 9, 2015, Defendant again acknowledged receipt of

Citizens United's FOIA request, assigned it Case Control Number F-2015-16007, and informed

Citizens United that the request "does warrant expedited processing."  *See* Exhibit G.

19.      Despite determining that the request warranted expedited processing, as of the

date of this Complaint, Defendant has failed to produce any responsive records, nor has it

asserted any claims that responsive records are exempt from production.

**C.    CITIZENS UNITED'S NOVEMBER 13, 2015 FOIA REQUEST FOR EMAIL EXCHANGES BETWEEN CHERYL MILLS AND VARIOUS INDIVIDUALS ASSOCIATED WITH THE WILLIAM J. CLINTON FOUNDATION (F-2015-16287)**

20.     On November 13, 2015, Citizens United submitted a FOIA request, online, to

Defendant.  *See* Exhibit H.  The request sought:

> [A]ll emails exchanged between Cheryl Mills and the following individuals associated with the William J. Clinton Foundation, renamed the Bill, Hillary and Chelsea Foundation: Eric Braverman; Andrew Kessel; Valerie Alexander; Dennis Cheng; Scott Curran; Amitabh Desai; Rain Henderson; Laura Graham; Mark Gunton; Robert Harrison; Bari Lurie; Terri Mccullough; Patti Miller; Craig Minassian; Walker Morris; Maura Pally; Terry Sheridan; Stephanie S. Streett; Dymphna Van Der Lans; Bruce Lindsey; Chelsea Clinton; Former President Bill Clinton; Frank Giustra; Rolando Gonzalez Bunster; Hadeel Ibrahim; Lisa Jackson; Cheryl Saban, Ph.D; and Richard Verma.

21.     Citizens United, as a member of the media, requested expedited processing of this

FOIA request.

22.     In a return email on the same day as the FOIA request, the State Department

acknowledged its receipt.  *See* Exhibit I.

23.     In a letter dated December 8, 2015, Defendant again acknowledged receipt of

Citizens United's FOIA request, assigned it Case Control Number F-2015-16287, and informed

Citizens United that the request "does warrant expedited processing."  *See* Exhibit J.

24.     Despite determining that the request warranted expedited processing, as of the

date of this Complaint, Defendant has failed to produce any  responsive records, nor has it

asserted any claims that responsive records are exempt from production.

**D.    CITIZENS UNITED'S NOVEMBER 13, 2015 FOIA REQUEST FOR EMAIL EXCHANGES BETWEEN CHERYL MILLS AND VARIOUS INDIVIDUALS ASSOCIATED WITH TENEO HOLDINGS (F-2015-16313)**

25.     On November 13, 2015, Citizens Untied submitted a FOIA request, online, to

Defendant.  *See* Exhibit K.  The request sought:

5

[A]ll emails exchanged between Cheryl Mills and the following individuals: Declan Kelly, Chairman and CEO, Teneo; Doug Band, President, Teneo; Paul Keary, Chief Operating Officer, Teneo; Michael Madden, Chairman, Teneo Capital; Harry Van Dyke, CEO, Teneo Capital; Chris Wearing, President, Teneo Consulting; Jim Shinn, CEO, Teneo Intelligence; Chris Deri, Managing Director, Teneo Strategy; Richard Powell, President, Teneo Strategy; Orson Porter, Washington D.C. Managing Director, Teneo; Ken Miller, Senior Advisor, Teneo Capital; and Karim Shariff, Teneo Capital Dubai.

26.    Citizens United, as a member of the media, requested expedited processing of this FOIA request.

27.    In a return email on the same day as the FOIA request, the State Department acknowledged its receipt.  *See* Exhibit L.

28.    In a letter dated December 8, 2015, Defendant again acknowledged receipt of Citizens United's FOIA request, assigned it Case Control Number F-2015-16313, and informed Citizens United that the request "does warrant expedited processing."  *See* Exhibit M.

29.    Despite determining that the request warranted expedited processing, as of the date of this Complaint, Defendant has failed to produce any  responsive records, nor has it asserted any claims that responsive records are exempt from production.

**E.    CITIZENS UNITED'S NOVEMBER 13, 2015 FOIA REQUEST FOR EMAIL EXCHANGES BETWEEN HUMA ABEDIN AND VARIOUS INDIVIDUALS ASSOCIATED WITH THE WILLIAM J. CLINTON FOUNDATION (F-2015-16286)**

30.    On November 13, 2015, Citizens United submitted a FOIA request, online, to Defendant.  *See* Exhibit N (FOIA Request Letter).  The request sought:

[A]ll emails exchanged between Huma Abedin and the following individuals associated with the William J. Clinton Foundation, renamed the Bill, Hillary and Chelsea Foundation: Eric Braverman; Andrew Kessel; Valerie Alexander; Dennis Cheng; Scott Curran; Amitabh Desai; Rain Henderson; Laura Graham; Mark Gunton; Robert Harrison; Bari Lurie; Terri Mccullough; Patti Miller; Craig Minassian; Walker Morris; Maura Pally; Terry Sheridan; Stephanie S. Streett; Dymphna Van Der Lans; Bruce Lindsey; Chelsea Clinton; Former President Bill

Clinton; Frank Giustra; Rolando Gonzalez Bunster; Hadeel Ibrahim; Lisa
Jackson; Cheryl Saban, Ph.D; and Richard Verma.

31.     Citizens United, as a member of the media, requested expedited processing of this

FOIA request.

32.     In a return email on the same day as the FOIA request, the State Department

acknowledged its receipt.  *See* Exhibit O.

33.     In a letter dated December 8, 2015, Defendant again acknowledged receipt of

Citizens United's FOIA request, assigned it Case Control Number F-2015-16286, and informed

Citizens United that the request "does warrant expedited processing."  *See* Exhibit P.

34.     Despite determining that the request warranted expedited processing, as of the

date of this Complaint, Defendant has failed to produce any  responsive records, nor has it

asserted any claims that responsive records are exempt from production.

**F.     CITIZENS UNITED'S NOVEMBER 13, 2015 FOIA REQUEST EMAIL
        EXCHANGES BETWEEN HUMA ABEDIN AND VARIOUS INDIVIDUALS
        ASSOCIATED WITH TENEO HOLDINGS (F_____)**

35.     On November 13, 2015, Citizens United submitted a FOIA request, online, to

Defendant.  *See* Exhibit Q (FOIA Request Letter).  The request sought:

> [A]ll emails exchanged between Huma Abedin and the following individuals:
> Declan Kelly, Chairman and CEO, Teneo; Doug Band, President, Teneo; Paul
> Keary, Chief Operating Officer, Teneo; Michael Madden, Chairman, Teneo
> Capital; Harry Van Dyke, CEO, Teneo Capital; Chris Wearing, President, Teneo
> Consulting; Jim Shinn, CEO, Teneo Intelligence; Chris Deri, Managing Director,
> Teneo Strategy; Richard Powell, President, Teneo Strategy; Orson Porter,
> Washington D.C. Managing Director, Teneo; Ken Miller, Senior Advisor, Teneo
> Capital; and Karim Shariff, Teneo Capital Dubai.

36.     Citizens United, as a member of the media, requested expedited processing of this

FOIA request.

37.     In a return email on the same day as the FOIA request, the State Department acknowledged its receipt.  *See* Exhibit R.

38.     In contrast to the other FOIA requests included within this action, Citizens United has not received a letter from Defendant assigning this particular request a Case Control Number.

39.     As of the date of this Complaint, Defendant has failed to produce any records responsive to Citizens United's November 13, 2015, nor has it asserted any claims that responsive records are exempt from production.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

40.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein.

41.     Defendant has failed to make a determination regarding Citizens United's October 20, 2015 FOIA request (F-2015-15626) for records of correspondence between Michael Fuchs and The Clinton Foundation or Teneo Holdings within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

42.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
### (Violation of FOIA, 5 U.S.C. § 552)

43.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein.

44.     Defendant has failed to make a determination regarding Citizens United's November 2, 2015 FOIA request for records of correspondence between Melanne Verveer and

the Clinton Foundation or Teneo Holdings (F-2015-16007) within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

45.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

### COUNT 3
### (Violation of FOIA, 5 U.S.C. § 552)

46.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein.

47.     Defendant has failed to make a determination regarding Citizens United's November 13, 2015 FOIA request (F-2015-16287) for records of email exchanges between Cheryl Mills and various individuals associated with the William J. Clinton Foundation within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

48.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

### COUNT 4
### (Violation of FOIA, 5 U.S.C. § 552)

49.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein.

50.     Defendant has failed to make a determination regarding Citizens United's November 13, 2015 FOIA request (F-2015-16313) for records of email exchanges between Cheryl Mills and various individuals associated with Teneo Holdings within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

9

51.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 5
### (Violation of FOIA, 5 U.S.C. § 552)

52.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein.

53.     Defendant has failed to make a determination regarding Citizens United's November 13, 2015 FOIA request (F-2015-16286) for records of email exchanges between Huma Abedin and various individuals associated with the William J. Clinton Foundation within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

54.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 6
### (Violation of FOIA, 5 U.S.C. § 552)

55.     Plaintiff realleges paragraphs 1 through 39 as though fully set forth herein.

56.     Defendant has failed to make a determination regarding Citizens United's November 13, 2015 FOIA request for records of email exchanges between Huma Abedin and various individuals associated with Teneo Holdings within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

57.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all responsive records to Citizens United's FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Citizens United's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendants from continuing to withhold any and all non-exempt records in this case that are responsive to Citizens United's FOIA requests;

d. Attorneys' fees and costs pursuant to any applicable statute or authority, including 5. U.S.C. § 552(a)(4)(E); and

e. Any other relief that this Court in its discretion deems just and proper.

Dated: January 11, 2016

   /s/ Jeremiah L. Morgan
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
John S. Miles
(D.C. Bar No. 166751)
William J. Olson, P.C.
370 Maple Avenue, West, Suite 4
Vienna, VA 22180-5615

703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
CITIZENS UNITED